

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00382-CV

———————————————

RAN LI, Appellant

V.

YAXIN LI, Appellee

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-326383-21

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

Appellant attempts to appeal the trial court's order requiring the parties to appear for mediation. On October 5, 2022, we notified Appellant of our concern that this appeal did not appear to be from a final judgment or appealable interlocutory order. We informed Appellant that the appeal may be dismissed for want of jurisdiction unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3. Appellant responded that, because the order requires Appellant to mediate, the order is a "mandatory injunction" and is therefore an appealable "final interlocutory order." *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (allowing interlocutory appeal from an order that "grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65").

The trial court's order does not grant or refuse a temporary injunction nor does it grant or overrule a motion to dissolve a temporary injunction. Instead, the order requires the parties to appear at mediation; such an order is not an appealable interlocutory order. *See Banc of Am. Inv. Servs., Inc. v. Lancaster*, No. 2-04-223-CV, 2004 WL 1879597, at *1 (Tex. App.—Fort Worth Aug. 24, 2004, no pet.) (per curiam) (mem. op.) (dismissing for want of jurisdiction attempted interlocutory appeal from order referring case to mediation). Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered:  November 10, 2022